Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Telephone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiffs Justin S. Peterson & Janna A. Peterson

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Justin S. Peterson & Janna A. Peterson, ) | Case No. |
| ) | |
| Plaintiffs, ) | COMPLAINT |
| ) | |
| v. ) | |
| ) | Violations of the Fair Credit |
| Bank of America, N.A; ) | Reporting Act & the California Civil |
| Trans Union, LLC; ) | Code |
| Experian Information Solutions, Inc.; and ) | |
| Equifax Information Services, LLC, ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |
| _____ ) | |

**Preliminary Statement**

1.     This is an action for damages brought by Justin S. Peterson and Janna A. Peterson

against defendants Bank of America, N.A.; Trans Union LLC; Experian Information Solutions, Inc.;

and Equifax Information Services, LLC for violation of the Fair Credit Reporting Act ("FCRA")

and the Consumer Credit Reporting Agencies Act, Civil Code Section 1785.25(a).

**The Parties**

2.     Plaintiffs Justin A. Peterson and Janna A. Peterson are husband and wife and who

own a home in Bakersfield, California.

3.     Defendant Bank of America, N.A.is a national bank and a furnisher of consumer information to the defendant credit reporting agencies ("CRAs").

4.     Defendant Trans Union, LLC ("TU") is a limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

5.     Defendant Experian Information Solutions, Inc. is an Ohio corporation that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

6.     Defendant Equifax Information Services, LLC, is a Georgia limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

**Jurisdiction & Venue**

7.     The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

8.     The defendants do business in this district.

**Description of the Case**

9.     Plaintiffs own a single family residence located in Bakersfield, California.

10.     In September 2008, Bank of America provided plaintiffs a line of credit secured by a 2d Deed of Trust on their property.

11.     After experiencing some financial difficulties and finding their home was worth far less than what they owed on the home, plaintiffs asked the bank for a loan modification. A representative of the bank told plaintiffs they would have to be delinquent in their payments in order to be considered for modification. Accordingly, they failed to pay some of the monthly payments due on the home equity loan in 2015.

12.     Ultimately, the bank refused to modify the home equity loan.

13.     The bank charged off the home equity loan beginning in May 2015.

14.     After some discussions between the bank representatives and plaintiffs, on July 8, 2015, Bank of America sent plaintiff a letter in which it offered to settle the home equity loan account for $35,000. The text of the bank's letter is as follows:

"Bank of America

07/08/15

Justin Peterson
[address]

Dear Justin Peterson:

Bank of America is offering you the opportunity to settle your account for $35,00.00. To take advantage of this offer, send $35,000.00 in certified funds within 20 days from the date of this offer.

This is a good opportunity to settle your account, save money **and have settled in full reported to the Credit Bureau.**

Please make your check payable to Bank of America and return it with the bottom portion of this letter to receive prompt credit. If you have questions or would like to discuss this offer, please call me.

If the settlement leaves a balance of $600 or greater, Bank of America is required by law to report this settlement to the IRS and state taxing authorities. Bank of America will make no representation about any tax consequences this settlement may have. You should consult an independent counsel of your choosing if you desire advice about any tax consequences which may results from this settlement.
Sincerely,

Mia Byers
Acct Admin
[telephone number]

Return this portion with your final payment to: [Address]

Justin Peterson
Account Number: [number]
Settlement Offer: $35,000.00
Date of Offer: 07/08/15
Account Balance: $103,028.96

*Peterson v Bank of America* et al, ND Case No.
Complaint and Jury Demand                                                                   3

If required under applicable state or local law: THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (emphasis added).

15.    Plaintiffs paid Bank of America the $35,000 within the time the offer was open.

16.    Plaintiffs reasonably relied on the bank's representation that if they paid the $35,000, the bank would report to the credit reporting agencies that the account was "settled in full" and reasonably relied on the fact that the bank did not include any caveat that it would continue to report the negative information it was reporting to the CRAs.

17.    Effective September 14, 2015, plaintiff's employer transferred him to his employer's Irving, Texas office. Knowing he and his family were going to have to move, plaintiff Justin Peterson began investigating the prospects of getting a mortgage loan to buy a house.

18.    On October 30, 2015, plaintiff Justin Peterson exchanged emails with a Chase mortgage broker. After the broker pulled his credit reports, the broker said that Bank of America's report that they had been 90 days late in April 2015 would prevent them obtaining a home loan until April 2017.  This was the first time plaintiffs discovered that Bank of America had reneged on its agreement to report the account as "settled in full."

19.    On or about October 30, 2015, plaintiffs sent online disputes to Experian, Equifax and Trans Union in which they informed the credit bureaus that they were disputing Bank of America's reporting on the mortgage loan account. Plaintiffs stated that Bank of America had assured them there would be no negative reporting on the account; that the account would be reported as paid in full. Plaintiffs attached Bank of America's offer letter quoted in ¶ 14. Plaintiffs asked for a response.

20.    Upon receipt of the disputes letters, each of the credit reporting agencies ("CRAs") contacted Bank of America by electronically sending it an Automated Consumer Dispute Verification (ACDV). The ACDV notified Bank of America that plaintiffs were disputing its reports on the particular mortgage account.

21.    Upon receipt of each ACDV, Bank of America was required to conduct a reasonable investigation of the dispute and to report the results of its investigation to the CRA.

22.    Each time Bank of America responded to an ACDV from a CRA it responded by stating to the CRAs that its reporting was correct.

23.    On October 30, 2015, Equifax sent plaintiff the results of its reinvestigation, which was that its report on the Bank of America was unchanged except that unspecified historical information had been deleted from the account. Equifax was continuing to report that the Status of the account was "Charge Off" and under Additional Information, Equifax reported the "Account Paid for Less than Full Balance." Equifax also continued to report plaintiffs made late payments in 2012, 2014 and 2015 and the loan was charged off in June and July 2015.

24.    On October 30, 2015, Experian sent plaintiff the results of its investigation, which was that its report on the Bank of America was unchanged. Experian continued to report the following negative information concerning the account:

- Status: Paid in settlement. $103,028 written off.

- Comment: Account paid in full for less than full balance.

- Account history: Charge Off as of May 2015 to Jul 2015
  90 days past due as of April 2015
  60 days past due as of Mar 2015
  30 days past due as of Feb 2015, Oct 2014, Sep 2014, June 2014, May 2012.

- Recent balance: NA.

25.    For reasons unknown to plaintiffs, Trans Union did not send plaintiffs the results of its reinvestigation if it

26.    On November 3, 2015, plaintiffs faxed a letter to a Bank of America representative concerning its credit reporting. In the letter, plaintiff reminds the bank that its offer letter stated it would report to the credit bureaus "settled in full" if they paid $35,000. Plaintiffs continued that the

bank's reports to the credit bureaus reflect "everything but a simple 'settled in full.'" Plaintiffs referenced an attached Justin Peterson's Experian credit report that states the account status was "settlement, $103,028 written off," "account paid in full *for less* than full balance," and a "detailed and lengthy rehashing of every monthly 30-day increment of late payments, and an airing of four months of charge-off."

27.    Not having received any response to his November 3, 2015, letter, plaintiff Justin Peterson sent a second letter to Bank of America's legal department and to its customer service department in Tampa, FL. After reiterating the bank agreed to report to the credit bureaus "settled in full," plaintiffs said the bank was reporting to the credit bureaus that the status of the account was "Paid in settlement. $103,028 written off." Plaintiffs said that the negative credit reporting was preventing them from buying a home.

28.    As of December 4, 2015, Equifax reported that the Status of the account was "charge off," under Comments, "Paid Charge Off," and that plaintiffs had been late making payments on the account in September and October 2014, late in February through April 2015, and the account was charged off in May and June 2015.

29.    As of December 4, 2015, Trans Union reported that the Pay Status was "Account paid in Full, was a Charge-off," under Remarks: "Settled less than full balance<>Paid in full/Was a charge off," and that plaintiffs were late in making payments in May and June 2014 and in October through December 2014 and the loan was charged off in December 2014 and January 2015.

30.    The defendant CRA's credit reports were inaccurate, misleading, and incomplete. The reporting was misleading because it ignored the fact that Bank of America had agreed to report the account as settled in full.

31.    Defendants willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate, misleading and incomplete credit information.

32.    As a result of defendants' conduct, plaintiffs have suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiffs will continue to suffer the same for an indefinite time in the future, all to plaintiffs' great detriment and loss.

33.    Defendant Bank of America is a subscriber to the CRAs. As such, at least once a month, Bank of America electronically transmits its customers' account information to CRAs. Each such transmission includes changes, additions and deletions of customers' account information.

34.    Plaintiffs' account status was included in each of Bank of America's monthly transmissions of information to the CRAs.

35.    When Bank of America transmitted the loan account information, it knew that the CRAs would sell the credit information to anyone who had a permissible purpose to obtain the credit information and who was willing to pay the CRAs fees. Such persons include banks, finance companies and others that are in the business of loaning money to consumers.

36.    Potential credit grantors that were considering extending credit to plaintiffs sought and obtained plaintiff's credit reports from one or more of the CRAs.

37.    During the two years preceding the filing of the complaint in this action, various credit grantors obtained plaintiffs' credit reports.

38.    Each time a CRA sold a copy of plaintiffs' credit reports to a potential credit grantor, plaintiffs were damaged. Each such sale was a separate publication of Bank of America's misleading reports.

39.    Credit scores are used by credit grantors to decide whether to extend credit. The credit scores are primarily based on the contents of the consumer's credit reports published by the CRAs. Plaintiffs' credit scores were adversely affected by Bank of America's inaccurate credit reporting.

40.     Each transmission by Bank of America of a report that plaintiffs had been over 30 days late in making their mortgage payments sent to a CRA and each publication of plaintiffs' credit reports by a CRA to a credit grantor was a violation of Civil Code § 1785.25(a).

**First Claim: Violations of the Fair Credit Reporting Act—Against Trans Union LLC, Experian and Equifax**

41.     Plaintiffs incorporate by reference ¶¶ 1 through 40.

42.     The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

43.     In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

44.     Within the two years preceding the filing of this complaint, plaintiffs notified the defendant CRAs of inaccuracies contained in its reports and asked them to correct the inaccuracies.

45.     The defendant CRAs failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiffs disputed.

46.     The defendant CRAs failed to review and consider all relevant information submitted by plaintiff.

47.     The defendant CRAs violated 15 USC § 1681c(f) by failing to report that plaintiffs disputing the accuracy of the account in question.

48.     The defendant CRAs failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiffs' credit reports, information and files in violation of 15

USC § 1681e(b).

49.    As a result of the above-described violations of § 1681i and § 1681e(b), plaintiffs have sustained damages.

50.    Defendant's violations of the FCRA were willful and therefore plaintiffs are therefore entitled to also seek statutory and punitive damages.

**Second Claim: Violations of the Fair Credit Reporting Act—Against Bank of America**

51.    Plaintiffs incorporate by reference ¶¶ 1-50.

52.    The FCRA requires a furnisher such as Bank of America, after receiving notice from a CRA that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the CRA.

53.    Within the last two years, the Bank of America provided misleading, inaccurate and misleading information to the CRAs.

54.    Bank of America violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)    willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiffs disputed;

(b)    willfully and negligently failed to review all relevant information concerning plaintiffs' account;

(c)    willfully and negligently failing to report the results of investigations to the CRAs;

(d)    willfully and negligently failing to report the misleading, incomplete, and inaccurate status of the inaccurate information to the CRAs;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the CRAs concerning the inaccurate, misleading and incomplete information disputed by plaintiffs;

(f)     willfully and negligently failing to provide the CRAs with the factual information and evidence plaintiffs submitted to Bank of America that proved that the information concerning plaintiffs' credit reports was inaccurate;

(g)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiffs' account to the CRAs; and

(h)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b).

55.     Bank of America violated 15 USC § 1681s-2(a)(3) and 15 USC § 1681s-(b) by failing to mark the account as disputed and failing to inform the CRAs the account was disputed.

56.     As a result of the above-described violations of § 1681s-2(b), plaintiffs have been damaged.

**Third Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Bank of America**

57.     Plaintiffs incorporate by reference ¶¶ 1-40, 53-56.

58.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

59.     Bank of America negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

60.     Bank of America failed to conduct a reasonable investigation as to whether its credit reporting was accurate, misleading or incomplete.

61.     Based on these violations of Civil Code § 1785.25 (a), plaintiffs are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER**

WHEREFORE, plaintiffs pray for judgment as follows:

1.     Actual, statutory and punitive damages;

2.     Injunctive relief;

3.     Costs and attorney's fees; and

4.     Such other relief as the Court may deem proper.

Dated: December 10, 2015.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiffs

DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues.

Dated:  December 10, 2015.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson